UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

HARVEY PRESTON,

        Plaintiff,

v.

RANDEE REWERTS et al.,

        Defendants.
_____/

Case No. 1:24-cv-245

Honorable Paul L. Maloney

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff initiated this action by filing his complaint in the United States District Court for the Eastern District of Michigan. In an order (ECF No. 5) entered on March 8, 2024, the Eastern District of Michigan transferred the case to this Court for further proceedings.

Plaintiff seeks leave to proceed *in forma pauperis*. (ECF No. 2.) However, Plaintiff is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). Where a plaintiff is ineligible for *in forma pauperis* status under 28 U.S.C. § 1915, "he must make full payment of the filing fee before his action may proceed." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002).

Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious, or for failure to state a claim, and Plaintiff has not demonstrated that he is in imminent danger of serious physical injury to allow him to proceed *in forma pauperis* in this action. Further, Plaintiff has not paid the $405.00 civil action filing fees applicable to those not permitted to proceed *in forma*

*pauperis*.[1] Accordingly, for the reasons set forth below, this action will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

## Discussion

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon

---

[1] The filing fee for a civil action is $350.00. 28 U.S.C. § 1914(a). The Clerk is also directed to collect a miscellaneous administrative fee of $55.00. 28 U.S.C. § 1914(b); https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. However, the miscellaneous administrative fee "does not apply to applications for a writ of habeas corpus or to persons granted *in forma pauperis* status under 28 U.S.C. § 1915." https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

2

which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604–06 (6th Cir. 1998).

Plaintiff has been an active litigant in the federal courts in Michigan. In more than three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that the cases were frivolous, malicious, and/or failed to state a claim. *See Preston v. White*, No. 2:03-cv-249 (W.D. Mich. Jan. 7, 2004); *Preston v. Duney*, No. 2:03-cv-253 (W.D. Mich. Jan. 6, 2004); *Preston v. Burch*, No. 1:03-cv-581 (W.D. Mich. Dec. 5, 2003); *Preston v. MDOC*, No. 1:03-cv-812 (W.D. Mich. Dec. 2, 2003). Plaintiff also has been denied leave to proceed *in forma pauperis* under the three-strikes rule on numerous occasions. *See Preston v. Davids*, No. 1:23-cv-351 (W.D. Mich. May 2, 2023); *Preston v. Burgess*, No. 1:21-cv-830 (W.D. Mich. Oct. 7, 2021); *Preston v. Russell*, No. 1:21-cv-312 (W.D. Mich. Apr. 29, 2021); *Preston v. Davids*, No. 1:18-cv-803 (W.D. Mich. Aug. 8, 2018); *Preston v. Smith*, No. 1:18-cv-84 (W.D. Mich. Feb. 2, 2018); *Preston v. U.P. Health Sys.*, No. 2:16-cv-201 (W.D. Mich. Sept. 30, 2016).

Moreover, Plaintiff's allegations do not fall within the "imminent danger" exception to the three-strikes rule. 28 U.S.C. § 1915(g). The Sixth Circuit set forth the following general requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's

3

> assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id*. at 797–98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf*. [*Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).
>
> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). A prisoner's claim of imminent danger is subject to the same notice pleading requirement as that which applies to prisoner complaints. *Id*. Consequently, a prisoner must allege facts in the complaint from which the Court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations. *Id.*

Plaintiff is currently incarcerated at the Carson City Correctional Facility (DRF) in Carson City, Montcalm County, Michigan. He sues the following DRF personnel: Warden Randee Rewerts; Assistant Deputy Wardens Unknown Garcia and Unknown Nevins; Resident Unit Manager Unknown Smith; Prison Counselors Unknown Allen, Unknown Ward, and Unknown Jones; Registered Nurse B. Bellinger; and Psychologist Unknown Peterson.

Plaintiff's complaint consists of numerous conclusory statements regarding his conditions of confinement at DRF. He suggests that he has experienced the following: "denial of access to courts, legal supplies, access to health care, dental, optometry, deliberat[e] denial of placement in protective custody when [his] life [wa]s in danger by Security Threat Groups, access to telephone,

4

denial of recreation." (Compl., ECF No. 1, PageID.6.) Plaintiff mentions "discrimination" and death threats. (*Id.*)

Plaintiff goes on to mention that on January 24, 2024, he was threatened by members of a Security Threat Group and told that he would be stabbed if he did not leave the prison yard. (*Id.*, PageID.8.) Plaintiff alleges that same day, staff deliberately assigned a Security Threat Group member as Plaintiff's cellmate. (*Id.*) According to Plaintiff, that inmate was caught with a knife and drugs. (*Id.*) Instead of being placed in segregation, the inmate was sanctioned to toplock and assigned to Plaintiff's cell. (*Id.*) The inmate told Plaintiff to leave the room, or he would be stabbed. (*Id.*)

That same day, Plaintiff went to the unit officers and "was called names." (*Id.*) Plaintiff was put in the dayroom. (*Id.*) One hour later, Plaintiff was taken to segregation and "put barefoot in the shower that had pubic hair and urine." (*Id.*) Members of the Security Classification Committee (SCC) saw Plaintiff and denied him protective custody. (*Id.*) Plaintiff also states that on February 13, 2024, Defendant Bellinger told him that she was going to kill him. (*Id.*)

Plaintiff sets forth that he "[has] distress, restlessness, anxiety, [and] nightmares from the threats." (*Id.*, PageID.9.) He "ha[s] kidney and liver problems, tightness in [his] chest, headaches, vision discomfort, [and] hearing discomfort." (*Id.*)

Plaintiff has attached an "Additional Information" page to his complaint. He states that officers and administration staff have allowed Security Threat Group members to access his personal property. (*Id.*, PageID.18.) Plaintiff notes that he is missing several items of property, including family obituaries and pictures, shoes, trimmers, clothing, hygiene items, and food. (*Id.*) He states that "imminent danger doesn't have to be that I am on by death bed or critically stabbed

5

or [injured]." (*Id.*) Plaintiff goes on to state that he has "food poison," and that the "poison affects [his] ears, eyes, [and causes] discomfort in [his] chest and private areas." (*Id.*)

Plaintiff's allegations are quite similar to ones he asserted in a prior complaint filed in 2023. *See Preston v. Davids*, No. 1:23-cv-351, 2023 WL 2908881, at *3 (W.D. Mich. Apr. 12, 2023). In that case, Plaintiff set forth "numerous conclusory statements regarding his conditions of confinement" at the Ionia Correctional Facility. *Id.* Plaintiff suggested that he was in danger from Security Threat Groups, that he experienced "discrimination" and "torture," and that he had been denied mental health services. *Id.* Plaintiff also noted that he had been denied religious materials, legal supplies, and access to the law library. *Id.* He set forth further that the food trays had been poisoned. *Id.* The Court denied Plaintiff leave to proceed *in forma pauperis* in that case, noting that his complaint "simply relie[d] upon conclusory statements to suggest a risk of serious physical harm." *Id.*

Plaintiff's instant complaint suffers from the same deficiencies as his prior complaint in *Preston v. Davids*. Most of Plaintiff's concerns, such as his missing property and denial of access to legal supplies, the law library, and the telephone, do not implicate any suggestion of imminent danger of serious physical harm. Moreover, although Plaintiff alleges that he has been denied health care services, he does not suggest that he faces any serious physical harm from such denial.

Notably, out of the individuals Plaintiff has named as Defendants, only Defendants Bellinger and Smith are referred to in Plaintiff's complaint. Plaintiff suggests that Defendant Smith retaliated against him but provides no facts to support that assertion. Likewise, while Plaintiff's allegation that Defendant Bellinger threatened to kill him certainly suggests a danger, Plaintiff simply relies upon this conclusory statement to suggest a risk of serious physical harm. He does not set forth any facts suggesting that Defendant Bellinger took any action to carry out this threat.

6

Furthermore, Plaintiff has not set forth facts suggesting that he has been subjected to ongoing threats.

Plaintiff's allegations that Security Threat Group members have threatened him and that the food has been poisoned also suggest a danger. Plaintiff's complaint sets forth that on January 24, 2024, he experienced at least two threats of harm from Security Threat Group members. However, those incidents occurred a little over one month before Plaintiff filed his complaint, and he does not set forth any facts suggesting he has been subjected to ongoing threats of harm.[2]

As in *Preston v. Davids*, Plaintiff again simply relies upon conclusory statements to suggest a risk of serious physical harm. The dearth of any factual allegations to support these conclusions leads the Court to conclude that the alleged threats are described with insufficient facts and detail to establish that Plaintiff is in danger of imminent physical injury . . . ." *Rittner*, 280 F. App'x at 798 (footnote omitted). Based on Plaintiff's allegations, these risks are not sufficiently "'real and proximate.'" *Vandiver*, 727 F.3d at 585 (quoting *Rittner*). That is not to say that they are "ridiculous . . . baseless . . . fantastic –or delusional . . . irrational or wholly incredible." *Id*. They are simply insufficient.

Accordingly, Plaintiff is barred from proceeding *in forma pauperis* under § 1915(g). Plaintiff also has not paid the $405.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*. The Court will therefore dismiss this action without prejudice. *See*

---

[2] The Court is aware that the Sixth Circuit recently vacated one of this Court's "three-strike" dismissals after concluding that the plaintiff's "allegations were specific as to the person who made the threat, the content of the threat, and the date, time, and place that the threat occurred." *Jackson v. Bolton*, No. 23-1701, 2024 WL 314530, at *2 (6th Cir. Jan. 24, 2024). The Sixth Circuit also noted that the plaintiff had "alleged that he found a razor blade in a biscuit, which could reasonably be construed as a threat of physical harm or an attempt to cause physical harm. Moreover, these threats occurred near the time that [the plaintiff] filed the complaint." *Id.* Here, Plaintiff's vague, conclusory statements do not rise to the level of the allegations at issue in *Jackson*.

*Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g)."). Plaintiff is free to refile his complaint as a new action in this Court if he submits the filing fees at the time that he initiates the new action.

## Conclusion

For the foregoing reasons, the Court will deny Plaintiff leave to proceed *in forma* pauperis. The Court will dismiss this action without prejudice to Plaintiff's right to refile his complaint as a new action in this Court with the full civil action filing fees.[3]

For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Further, should Plaintiff appeal this decision, he must pay the $605.00 appellate filing fee in a lump sum, because he is prohibited from proceeding *in forma pauperis* on appeal by 28 U.S.C. § 1915(g).

An order and judgment consistent with this opinion will be entered.

Dated:  April 12, 2024                              /s/ Paul L. Maloney
                                                    Paul L. Maloney
                                                    United States District Judge

---

[3] Because Plaintiff has the opportunity to refile his complaint as a new action in this Court by paying the full civil action filing fees at the time of filing the new action, the Court will not assess the district court filing fees in the present action.